IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JANICE LOUISE JOINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-00363-SRB |
| ) | |
| ALLIED STAFFING, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is *pro se* Plaintiff Janice Louise Joiner's Motion to Enter a Judgment by Default Against the Defendant. (Doc. #9). Plaintiff failed to comply with Federal Rule of Civil Procedure 55, and the motion is DENIED.

### I. Background

Plaintiff initiated this action on May 15, 2018, by filing a motion to proceed *in forma pauperis*. The Court granted the motion to proceed *in forma pauperis* and directed Plaintiff to file an Amended Complaint. Plaintiff filed the Amended Complaint on June 6, 2018, and on June 7, 2018, the Court directed the U.S. Marshal to serve process on Defendant. The U.S. Marshal filed a return of service evidencing service by mail (FedEx) on Defendant on June 20, 2018. On July 12, 2018, Plaintiff filed the present motion asking the Court to "enter[] a judgment by default against the Defendant." (Doc. #13, p. 1).

### II. Discussion

Pursuant to Federal Rule of Civil Procedure 55(a), "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter a party's default." Rule 55(b) provides

how default judgment may be obtained, but only *after* a clerk's entry of default. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).").

Plaintiff did not move for a clerk's entry of default under Rule 55(a). Plaintiff's motion for default judgment under Rule 55(b) is, therefore, procedurally improper. The Court also notes that the time for Defendant to file an answer or otherwise respond to the Complaint had not expired by the time the instant motion was filed given that service was attempted by mail. *See* Fed. R. Civ. P. 4(h)(1)(A); Mo. Rev. Stat. § 506.150.4. Therefore, *pro se* Plaintiff Janice Louise Joiner's Motion to Enter a Judgment by Default Against the Defendant (Doc. #9) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  July 16, 2018