# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JANICE LOUISE JOINER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-0363-SRB |
| | ) |
| ALLIED STAFFING, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Allied Global Services LLC's Suggestions in Support of Motion to Dismiss for Failure to State a Claim or, In the Alternative, Motion for a More Definite Statement. (Doc. #11). For the following reasons the motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is ordered to file a more definite statement with respect to her harassment and hostile work environment claims **on or before September 5, 2018**.

### I.     Background

*Pro se* Plaintiff Joiner filed an employment discrimination lawsuit against Defendant alleging violations of Title VII and the Americans with Disabilities Act (ADA). She alleges she was harassed, terminated, and retaliated against while working on assignment at Goodwill through placement by Defendant, a staffing agency. After granting her motion to proceed *in forma pauperis*, this Court ordered Plaintiff to file an amended complaint. Following Plaintiff's amended complaint, Defendant filed the present motion to dismiss. This Court issued a show cause order mandating Plaintiff respond to Defendant's motion to dismiss. In its present motion, Defendant puts forth several arguments to support its motion to dismiss and, in the alternative,

requests that Plaintiff be ordered to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

II.     **Legal Standard**

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal citations omitted); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inferences that the [opposing party] is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).

The Court must consider all facts alleged in the complaint as true when considering a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Service, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the [complainant], even if it strikes a savvy judge that actual proof of those facts is improbable"). However, allegations that are "legal conclusions or formulaic recitation of the

elements of a cause of action . . . may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 677) (internal citations omitted).

"A court must liberally construe a *pro se* complaint, and *pro se* litigants are held to a lesser pleading standard than other parties." *Weber v. Ibew Local 124 Apprenticeship Bd. Members*, No. 4:14–CV–1118–W–ODS, 2015 WL 4135672, at *1 (W.D. Mo. July 8, 2015) (citing *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010)) (internal citations omitted). "However, *pro se* complaints still must allege sufficient facts to support the claims advanced." *Id.* (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)) (internal citations omitted).

### III. Discussion

#### a. Disability Discrimination

Defendant argues Plaintiff has failed to "state a claim for ADA disability discrimination because she has not alleged a disability." (Doc. #11, p. 4). "To succeed on a disability discrimination claim under the ADA, a claimant must show that [s]he was a 'qualified individual' who suffered 'discrimination' that was based on a 'disability' as each of those terms is defined by the Act." *Morriss v. BNSF Ry. Co.*, 817 F.3d 1104, 1107 (8th Cir.), *cert. denied,* 137 S. Ct. 256 (2016) (internal citations omitted). "As a threshold requirement in an ADA claim, the plaintiff must, of course, establish that he has a disability." *Waldrip v. General Elec. Co.,* 325 F.3d 652, 654 (5th Cir. 2003) (internal quotations omitted). Defendant argues Plaintiff has not sufficiently alleged a "disability" because "although she did allege a workplace injury, she did not allege a disability stemming from this." (Doc. #11, p. 5).

This Court disagrees. The ADA defines disability as "(A) a physical . . . impairment that substantially limits one or more major life activities . . . ; (B) a record of such an impairment; or

3

(C) being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)–(C). "Major life activities" include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). "Substantially limited" means limited "considerabl[y] or to a large degree." *Nuzum v. Ozark Augomotive Distributors, Inc.*, 432 F.3d 839, 846 (8th Cir. 2005).

In 2008 Congress amended the ADA. Congress retained the definitions of "major life activities" and "substantially limited" but mandated "that the definition of disability . . . be construed 'in favor of broad coverage of individuals . . . to the maximum extent permitted' by the law . . . ." *Cook v. Equilon Enters., L.L.C.,* No. 4:09-cv-0756, 2010 WL 4367004, at *6 (S.D. Tex. Oct. 26, 2010) (citing 42 U.S.C. § 12102(4)(A)). "Congress' stated purpose in expanding the definition of disability was to convey that the question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis." *Mercer v. Arbor E & T*, No. 4:11-CV-3600, 2012 WL 1425133, at *6 (S.D. Tex. Apr. 21, 2012) (internal citations omitted). In the amended complaint Plaintiff alleges she was injured on the job and continues to have "occasional pain, numbness, and hemotoma to [her] left foot." (Doc. #6, pp. 7-8). Considering Plaintiff's *pro se* status and Congress' recent mandate, this Court finds these facts sufficient to allege a disability under the ADA.

### b. Harassment Hostile Work Environment

Next, Defendant argues Plaintiff failed to state a claim for harassment or hostile work environment. Defendant argues Plaintiff fails "to allege the basis for such claim, leaving Defendant to guess whether it is based on race, disability, some other protected characteristic, or no protected characteristic." (Doc. #11, p. 5). Additionally, Defendant argues Plaintiff failed to

4

provide any factual allegations of harassment.[1] Rather, Defendant argues Plaintiff only puts forth legal conclusions that she was harassed and subjected to a hostile work environment. This Court finds Plaintiff failed to allege whether she was subjected to harassment due to her race or disability. Additionally, this Court finds Plaintiff failed to provide sufficient factual information regarding the nature of the verbal attacks. Plaintiff is ordered to file a more definite statement of her harassment and hostile work claims in accordance with this Order **on or before September 5, 2018**.

### c. Race Discrimination

Defendant also argues Plaintiff failed to state a claim for Title VII race discrimination because "she has failed to allege that she belongs to a protected class." (Doc. #11, p. 6). To support its argument Defendant cites *Robinson v. American Red Cross* for the proposition that a plaintiff must allege the following to plead a Title VII race discrimination claim: "she (1) is a member of a protected class, (2) was qualified, (3) suffered an adverse employment action, and (4) can provide facts that give rise to an inference of unlawful . . . race discrimination." 753 F.3d 749, 754 (8th Cir. 2014).

*Robinson*, however, does not concern pleading standards but instead notes these elements are required to establish a *prima facie* case. In *Swierkiewicz v. Sorema,* the Supreme Court negated any need to plead a *prima facie* case in the discrimination context and emphasized that

---

[1] Defendant also argues, "To the extent any factual allegations related to a harassment or hostile work environment claim can be gleaned from the Amended Complaint, those actions are attributable to Goodwill, and not to Defendant, as Plaintiff makes it clear that the alleged conduct was committed by 'management staff at Goodwill Outlet.'" (Doc. #11, p. 6). Numerous courts have found when an employee claims Title VII discrimination against two joint employers (such as a staffing agency and placement location), a plaintiff "must show that each defendant knew or should have known of the discriminatory conduct that it failed to take corrective measures within its control." *Valasquez v. Sonoco Display & Packaging, LLC*, No. 1:17CV865, 2018 WL 1773128, at *3 (M.D.N.C. April 11, 2018) (collecting cases and noting these holdings "appear to be consistent with EEOC published guidance"). In her response Plaintiff notes she "informed the Defendant of being discriminated against, retaliated, harassed in December 2017 and afterwards. The Defendant failed to investigate and/or take any action." (Doc. #16, p. 2).

the *prima facie* model is an evidentiary, not a pleading, standard. 534 U.S. 506, 510 (2002*)*. The Supreme Court went on to note: "[W]e have rejected the argument that a Title VII complaint requires greater 'particularity,' because this would 'too narrowly constric[t] the role of the pleadings.' Consequently, the ordinary rules for assessing the sufficiency of a complaint apply." *Id.* at 511; *see also*, *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims").

While a plaintiff is not required to plead a *prima facie* case based on discrimination at the pleading stage for purposes of Rules 8 and 12(b)(6), Plaintiff's complaint must "include sufficient factual allegations to provide the grounds on which the claim rests." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016); *see also Gordon v. Hyundai Motors Mfg*., No. 2:15-CV-894-WKW, 2016 WL 3078751, at *1 (M.D. Al. May 31, 2016); *Nieman v. Hale*, No. 3:12-CV-2433-L, 2012 WL 3204990, at *4 (N.D. Tex. Aug. 8, 2012). This Court finds Plaintiff alleged sufficient facts to support an inference of intentional race discrimination. Plaintiff alleges she was "discriminated against because of [her] race, black" and that her employment was terminated on the basis of her race. (Doc. #1-1, p. 8). Given Plaintiff's *pro se* status, this Court finds these allegations sufficient to state a claim for Title VII race discrimination.

   d. **Retaliation**

Defendant argues Plaintiff failed to state a claim for retaliation. This Court construes Plaintiff's claim for retaliation to be under the ADA given her statements in her EEOC charge. (Doc. #1-1, p. 8) ("I was injured on the job. I had restrictions until January 9, 2018."; "After my injury, I started being harassed . . ."; "I did not have any problems until I was injured."). To state

6

a claim of retaliation under the ADA, Plaintiff must establish that "she engaged in protected activity, suffered an adverse employment action, and that there is a causal connection between the two." *Heisler v. Metro. Council*, 339 F.3d 622, 632 (8th Cir. 2003). Defendant argues Plaintiff failed to allege she engaged in a statutorily protected activity.

This Court disagrees. In her amended complaint, Plaintiff alleges she was put on a "job restriction and [she] returned to work." (Doc. #6, p. 7). In her EEOC charge, attached to Plaintiff's original complaint, Plaintiff alleged she did not have "any problems until [she] was injured." (Doc. #1-1, p. 8). "Requesting an accommodation is a protected activity . . . ." *Heisler*, 339 F.3d at 632. This Court finds these allegations, when considered in light of Plaintiff's *pro se* status, sufficient to demonstrate an inference that she engaged in statutorily protected activity by requesting an accommodation due to her job restrictions mandated by her doctor. Therefore, this Court finds Plaintiff has stated sufficient allegations for an ADA retaliation claim.

### e. Administrative Exhaustion

Lastly, Defendant argues Plaintiff has failed to state a claim for retaliation and disability discrimination because "she failed to exhaust her administrative remedies." (Doc. #11, p. 8). Defendant cites *Faibisch v. Univ. of Minn.*, 304 F.3d 797 (8th Cir. 2002). In that case the Eighth Circuit affirmed the district court's determination that Plaintiff had failed to exhaust her administrative remedies as to her sex discrimination claim. Faibisch's Equal Employment Opportunity Commission (EEOC) charge alleged that "she was treated with hostility and adversely, impacting the terms and conditions of her employment, due to her gender/female." *Id.* at 803. The Eighth Circuit concluded, "Faibisch may not make a conclusory statement of sex

discrimination in the charge and then file suit on whatever facts or legal theory she may later decide upon." *Id.*

The Court finds *Faibisch* inapplicable with respect to Plaintiff's retaliation and disability discrimination claim.[2] In the present matter Plaintiff alleged the following in her EEOC charge:

> On or about December 26, 2017, I was injured on the job. I had restrictions until January 9, 2018. After my injury, I started being harassed by management from Goodwill. On or about January 18, 2018, I was told by Allied Staffing that Goodwill let me go because I was not a good fit but was a good worker. I did not have any problems until I was injured. Non-black employees were kept working after their on-the-job injuries but minority staff were not kept. I have not been placed at another assignment by Allied Staffing. I believe I have been discriminated against because of my race, black, disability, and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act Amendments Act of 2008.

(Doc. #1-1, p. 8). On her EEOC charge, she checked boxes for, *inter alia*, discrimination based on disability and retaliation. These statements rise above the simple conclusory statements made by Faibisch. While this Court recognizes "[t]here is a difference between liberally reading a claim which lacks specificity . . . and inventing, *ex nihilo*, a claim which simply was not made," the Court finds the latter is not the case here.[3] *Boyd*, 2018 WL 620484, at *4. Plaintiff exhausted her administrative remedies with respect to her retaliation and disability discrimination claims.

IV.     **Conclusion**

Accordingly, Defendant Allied Global Services LLC's Suggestions in Support of Motion to Dismiss for Failure to State a Claim or, In the Alternative, Motion for a More

---

[2] Defendant also cites *Boyd v. BJC Health System*, No. 4:17CV814RLW, 2018 WL 620484 (E.D. Mo. Jan. 29, 2018), which is wholly inapplicable to the present case. In *Boyd* the Court noted, "Plaintiff's Charge of Discrimination makes no mention of her race or her disability. Further, the allegations of discrimination based on race and disability are not like or reasonably related to the claims in Plaintiff's charge that she was terminated in retaliation for being a whistleblower." *Id.* at *4. Such is not the case here.

[3] This is especially true in light of Congress' 2008 mandate to liberally construe the definition of "disability" under ADA, discussed *supra*.

Definite Statement (Doc. #11) is GRANTED IN PART and DENIED IN PART. Plaintiff is ordered to file a more definite statement with respect to her harassment and hostile work environment claims **on or before September 5, 2018**.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
United States District Judge

Dated: August 24, 2018